IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01464-BNB

WILLIAM LEE LORNES,

     Plaintiff,

v.

MHCED,

     Defendant.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

     Plaintiff, William Lee Lornes, currently is detained at the Denver Van Cise-Simonet Detention Center.  Mr. Lornes has filed *pro se* a Prisoner Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983.  He has been granted leave to proceed pursuant to 28 U.S.C. § 1915 without payment of an initial partial filing fee.

     The Court has reviewed the Prisoner Complaint and finds that it is deficient. Although Mr. Lornes lists one defendant in the caption of the Prisoner Complaint, he lists what appear to be four individuals with the Denver County Sheriff's Department as defendants in the caption to the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915.  This deficiency was pointed out to Mr. Lornes in the order of June 7, 2012, directing him to cure deficiencies (ECF No. 4).  Pursuant to Rule 10(a) of the Federal Rules of Civil Procedure "[t]he title of the complaint must name all the parties."  Therefore, to avoid any confusion regarding who is or are the proper parties in this action, Mr. Lornes will be ordered to file an amended complaint that

identifies all of the parties in the caption.  Mr. Lornes also must provide the full address

for each named defendant so that each defendant can be properly served.

The amended Prisoner Complaint Mr. Lornes will be directed to file must comply

with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.

Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain

statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement

of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief

sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that

"[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and

(d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading

rules.  Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Lornes' claims are unintelligible.  For example, as his first claim, he alleges:

> "When I was moved from jeail the MHDC place that had
> been working with me at the time said that because I went to
> jail that my berth certificat had been not used before eaven
> my ID and my SSI card."

Complaint (ECF No. 1) at 4.  On the basis of these allegations, he asserts a "violatin of

my forth addment unusel serch & prucdquer in this case."  *Id.*  Neither the Court nor the

defendant is required to guess in order to determine the specific factual allegations that

are being asserted in support of each claim.  The general rule that *pro se* pleadings

must be construed liberally has limits and "the court cannot take on the responsibility of

serving as the litigant's attorney in constructing arguments and searching the record."

*Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Finally, Mr. Lornes is advised that, in order to comply with Rule 8, he must

2

provide "a generalized statement of the facts from which the defendant may form a responsive pleading." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957).  In particular, he "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492  F.3d 1158, 1163 (10th Cir. 2007).  At the same time, "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.*  Therefore, Mr. Lornes should take care to ensure that his amended complaint provides a clear and concise statement of the claims he is asserting.

Accordingly, it is

ORDERED that Plaintiff, William Lornes, file, **within thirty (30) days from the date of this order**, an amended Prisoner Complaint as directed in this order.  It is

FURTHER ORDERED that Mr. Lornes shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Lornes fails to file an amended Prisoner Complaint that complies with this order within the time allowed, the complaint and the action will be dismissed without further notice.

DATED June 22, 2012, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

4